[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2009
THOMAS K. KAHN
CLERK

No. 08-17083
Non-Argument Calendar

_____

D. C. Docket No. 98-00108-CR-2-LSC-TMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BACKARI MACKEY,
a.k.a. Bakari Mackey,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 2, 2009)

Before DUBINA, Chief Judge, TJOFLAT and CARNES, Circuit Judges.

PER CURIAM:

Backari Mackey, a federal prisoner proceeding pro se, appeals the district

court's order reducing his sentence from 360 to 292 months imprisonment under 18 U.S.C. § 3582(c)(2) but denying his request for a sentence below his amended guideline range. Mackey's § 3582(c)(2) motion was based on Amendment 706 to the guidelines, which reduced base offense levels applicable to crack cocaine. Mackey contends that the court erred by "denying consideration of the [18 U.S.C.] § 3553(a)" factors when evaluating his § 3582(c)(2) motion. He also argues that, despite being the minimum of his amended guideline range, his sentence is "greater than necessary" and is thus unreasonable.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment where a defendant was sentenced based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction the court imposes, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The applicable policy statements provide that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3583(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A); United States v. Williams, 557 F.3d 1254, 1256 (11th Cir.

2

2009).

When considering a § 3582(c)(2) motion, a district court first "must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed." United States v. Vautier, 144 F.3d 756, 760 (11th Cir.1998). Mackey does not argue that the court erred at this step. After determining what sentence it would have imposed under the amended guideline range, the court then "must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence ." Id. While a district court must consider the § 3553(a) factors, it "commits no reversible error by failing to articulate specifically the applicability-if any-of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir.1997).

It is unclear from the record whether the district court considered the § 3553(a) factors in granting the sentence reduction. Nonetheless, the court sentenced Mackey to the minimum term permitted by his amended guideline range. We have held that district courts do not have the authority to dip below the amended guideline range on resentencing. See United States v. Melvin, 556 F.3d 1190, 1193–94 (11th Cir. 2009) (holding that, because United States v. Booker,

543 U.S. 220, 125 S. Ct. 738 (2005), does not apply to § 3582(c)(2) motions, district courts must comply with the "applicable policy statements of the Sentencing Commission" not to resentence below the minimum of the amended guideline range). The district court was bound by the limitations imposed by U.S.S.G. § 1B1.10 and thus did not err in refusing to sentence Mackey below the minimum of his amended guideline range. His sentence was not unreasonable.

**AFFIRMED.**